## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES E. ROSE, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-2517 |
| | : | |
| GLENN GUANOWSKY, ESQ., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                      **OCTOBER 17, 2022**

Currently before the Court is a Complaint filed by Plaintiff James E. Rose, Jr., a regular and prolific litigant in this Court, against Glenn Guanowsky, Esq., Deputy General Counsel for Litigation and Risk Management with the Lehigh Valley Health Network ("LVHN"), as well as a Motion to Proceed *In Forma Pauperis*. (ECF Nos. 1, 3.) The Complaint in this action represents the second civil action Rose has instituted against Guanowsky since 2021. This Court dismissed Rose's prior action against Guanowsky with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on November 17, 2021. *See Rose v. Guanowsky*, 2021 WL 5356804, at *1 (E.D. Pa. Nov. 17, 2021), *aff'd*, 2022 WL 910341 (3d Cir. Mar. 29, 2022). For the following reasons, the Court will grant Rose leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice because it is barred by claim preclusion, also known as *res judicata*.

I.      **FACTUAL ALLEGATIONS AND LITIGATION HISTORY**[1]

Much like his 2021 civil action against Guanowsky, Rose's second civil action against Guanowsky asserts claims based on two specific pieces of correspondence Guanowsky sent to Rose in November and December of 2020.  To provide context for the assertions of the current Complaint (ECF No. 1), the Court recounts the history of Rose's 2021 action against Guanowsky.

On February 24, 2021, Rose filed a motion to proceed *in forma pauperis* and a complaint against Guanowsky, which raised claims pursuant to 42 U.S.C. §§ 1981, 1985, 1986 for alleged violations of Rose's civil rights based on correspondence he received from Guanowsky dated November 23, 2020 and December 9, 2020.  *See Rose*, 2021 WL 5356804, at *2–3.  The events that preceded Guanowsky's correspondence to Rose are set forth in detail in the Court's prior Memorandum, but the Court recounts some of those details here for background.  Essentially, on or about November 10, 2020, Rose's then personal physician, Dr. Jennifer O. Langstengel, a doctor of internal medicine employed by LVHN, informed Rose that she would no longer continue treating him as a patient.  *Id.* at *1–2.  After he was informed of her decision, Rose "continued writing letters to Dr. Langstengel about her decision to terminate him as a patient and his prior request for a statement verifying [Rose's] blood pressure medication issues."  *Id.* at *2.  Rose also "wrote directly to the CEO of LVHN on several occasions, and cc'd the CEO on several of his letters to Dr. Langstengel."  *Id.*  As the Court previously noted, "[a]fter several

---

[1] The following facts are taken from the Complaint and the publicly available dockets for prior civil actions filed by Rose, of which this Court takes judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings).

weeks of letters from Rose to Dr. Langstengel and the CEO of LVHN, . . . Guanowsky, in his

role as Deputy General Counsel for Litigation and Risk Management, sent a letter to Rose dated

November 23, 2020."[2]  *Id.*

Guanowsky's November 23, 2020 letter "informed Rose that he was responding on

behalf of LVHN's 'Senior Leadership' with respect to Rose's request for a new primary care

provider and explained that it was Rose's sole responsibility to find a new provider."  *Id.*  The

November 23, 2020 letter also directed Rose "'not to communicate further with members of

Senior Leadership regarding these matters' and that any 'further communication [would] be

deemed harassment' requiring Guanowsky's office to take 'necessary measures.'"  *Id.*  Despite

receipt of this letter, Rose subsequently sent "multiple letters to Guanowsky, Dr. Langstengel,

and others—most of which assert[ed] Rose's belief that Guanowsky was attempting to infringe

on Rose's First Amendment rights and his belief that he [was] being" treated this way because he

is Black.  *Id.*  "In response to Rose's continuing correspondence, Guanowsky wrote another

letter to Rose dated December 9, 2020" which reminded Rose that he had been advised "to stop

harassing . . . Senior Leadership in regards to Dr. Langstengel's decision to stop being [Rose's]

provider."  *Id.* at *2, n.2.  Guanowsky's December 9, 2020 letter,[3] further explained the

following to Rose:

> The reasons are well known to you.  You were non-compliant with
> monitoring.  You subsequently sought to have Dr. Langstengel make
> a false statement to the Court after she made the medical[ly] appropriate
> decision not to prescribe dangerously high doses of blood pressure
> medication given your non-compliance.

---

[2] The November 23, 2020 letter referenced in the Court's prior Memorandum is the same letter
attached as Exhibit A to the Complaint in the instant case.  (Compl. at 4.)

[3]  The December 9, 2020 letter referenced in the Court's prior Memorandum is the same letter
attached as Exhibit A to the Complaint in the instant case.  (Compl. at 5.)

> For these reasons, Dr. Langstengel could not maintain a
> therapeutic relationship with you and discharged you as a patient.
> Please be advised that legal action will be taken if you make any
> further attempt to communicate with our Senior Leadership.  *Id.*

Upon review, Rose was granted leave to proceed *in forma pauperis*, and ultimately, the Court dismissed all of Rose's civil rights claims under §§ 1981, 1985, and 1986 with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons set forth in the November 17, 2021 Memorandum.  *See Rose*, 2021 WL 5356804, at *3–5.  Despite Rose's explicit disclaimer that he was not bringing any claims under 42 U.S.C. § 1983, the Court liberally construed his complaint to allege such claims, and dismissed those potential claims with prejudice for failure to state a claim under § 1915(e)(2)(B)(ii) on the basis that Guanowsky was not a state actor.  *Id.* at *4–5.  On appeal, the United States Court of Appeals for the Third Circuit granted Guanowsky's motion for summary action and summarily affirmed the Court's November 17, 2021 judgment.  *See Rose v. Guanowsky*, 2022 WL 910341, at *2 (3d Cir. Mar. 29, 2022).

Rose filed the Complaint in this action on June 24, 2022.  Rose alleges that Guanowsky wrote in the in the November 23, 2020 letter that he "would have [Rose] arrested if ever [Rose] again exercised his 1st Amendment Rights to contact the White man considered 'Senior Leadership' at" LVHN.  (Compl. ¶ 2 (emphasis omitted).)  Rose also claims that Guanowsky "would never write this type of letter to a White person," and Rose expresses his desire "to have a trial with . . . [Guanowsky] so [Guanowsky] can explain to a Jury why [Guanowsky] would want to have [Rose] arrested for writing a letter to a White man."  (*Id.* ¶¶ 10–11.)  Rose "seeks damages of $100,000 punitive and $100,000 nominal damages for . . . [Guanowsky] violating . . . [his] 1st and 14th Amendment Rights."  (*Id.* at 2.)

## II.     STANDARD OF REVIEW

The Court grants Rose leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees to commence this civil action.  Accordingly, the Court must dismiss Rose's Complaint if, among other things, it fails to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id*.  "With respect to affirmative defenses, such as res judicata, dismissal is proper if application of the defense is apparent on the face of the complaint; [the Court] may also look beyond the complaint to public records, including judicial proceedings."  *Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017); *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*) (observing that "*[r]es judicata* is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)").  Because Rose is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

## III.    DISCUSSION

"Claim preclusion—which some courts and commentators also call res judicata—protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits."  *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted).  Claim preclusion prevents parties from

raising issues that could have been raised and decided in a prior case regardless of whether those issues were litigated.  *Id.*  In other words, "[t]he prior judgment's preclusive effect . . . extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff *could have asserted* in the previous lawsuit."  *Id.* at 231–32 (emphasis added).  "Claim preclusion similarly reaches theories of recovery:  a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim preclusion when the *events underlying the two suits are essentially the same*."  *Id.* at 232 (emphasis added); *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) ("'Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims.'") (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983–84 (3d Cir. 1984)).

Three elements are required for claim preclusion to apply:  "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."  *Marmon Coal Co. v. Dir., Office Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted).  "A dismissal under the *in forma pauperis* statute . . . qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim."  *Gimenez*, 202 F. App'x at 584.  With regard to the second element, claims against individuals who were not parties to the prior lawsuit may be precluded in certain circumstances, including when there is a substantive legal relationship between the party and nonparty.  *Taylor v. Sturgell*, 553 U.S. 880, 893–94 (2008).

Here, it is readily apparent that Rose's Complaint in the instant civil action is based on the exact same underlying events that he sought to challenge in his 2021 action, specifically the

November 23, 2020 and December 9, 2020 letters Guanowsky sent to Rose. Rose previously challenged these same letters as violative of his rights in Civil Action Number 21-0875, and all of his potential claims were dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and affirmed on appeal. *See Rose*, 2021 WL 5356804, at *1, *3–5, *aff'd*, 2022 WL 910341. Accordingly, the final judgment in that matter precludes Rose from reasserting his claims against Guanowsky—the only party in this action and the 2021 action—regardless of whether Rose's claims are based on new legal theories or the same legal theories addressed by the Court in Rose's prior case. Accordingly, the Court will dismiss Rose's Complaint in this action as barred by claim preclusion.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will grant Rose leave to proceed *in forma pauperis* and dismiss his Complaint. The Court concludes that amendment would be futile because Rose cannot cure the defects noted above. This is now the second unsuccessful lawsuit Rose has filed based upon Guanowsky's November 23, 2020 and December 9, 2020 correspondence. Accordingly, Rose is placed on notice that if he files any new lawsuits based on this correspondence or any related correspondence he received from Guanowsky related to, or arising from, Dr. Langstengel's decision to terminate Rose as a patient, the Court may subject Rose to a prefiling injunction. *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process."). In light of the Court's determination that dismissal is warranted in accordance with screening provisions of § 1915(e)(2)(B)(ii), the Court did not consider Defendant Guanowsky's Motion to

Dismiss for Failure to State Claim (ECF No. 4) or Rose's response thereto.  Defendant's Motion

will be denied without prejudice as moot.  An appropriate Order follows, which dismisses this

case.

BY THE COURT:


 /s/ Jeffrey L. Schmehl
**JEFFREY L. SCHMEHL, J.**